UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. 4:12-cv-939-RBH-TER

HENRY A. KOSZARSKY,                )
                                   )
                Plaintiff,         )
vs.                                )   **PLAINTIFF OBJECTIONS**
                                   )   **TO REPORT AND RECOMMENDATION**
A.O. SMITH CORPORATION,            )
                                   )
                Defendants.        )
_____)

Plaintiff hereby submits objections to the Magistrate's Report and Recommendation filed October 30, 2013 (Doc #54). Plaintiff alleges violations of FMLA and ADA by his former employer when he was terminated after a medical absence from work. The Magistrate recommends that the Defendant's Motion for Summary Judgment be granted as Plaintiff failed to establish (1) a prima facie case of failure to accommodate or of discrimination under the ADA and (2) that he was entitled to leave under the FMLA.

## FACTS TO SUPPORT PLAINTIFF'S CLAIMS

It is undisputed that although Plaintiff was given a written warning on March 14, 2011, in which he was warned that further disciplinary action will be taken, up to and including discharge. This warning was issued when Plaintiff refused to travel to Wisconsin for work. It is also undisputed that, as the Magistrate points out, "**Around the same time**, Plaintiff began to exhibit behaviors that others found to be unusual" (Doc. #54, p. 4). This behavior was of such concern that Plaintiff's supervisor emailed a detailed account of Plaintiff's behavior from March 24-25, 2011 and expressed concerned about Plaintiff's need for employee assistance (Doc. #54,

p.5). And in April, 2011, Plaintiff's co worker detailed Plaintiff's "strange" behavior at work (Doc #54, p. 5).

Therefore, it is clearly established that during the time that the employer scheduled a mandatory training in March 2011, for April, 2011, that Plaintiff was "exhibiting strange behaviors" and had informed his direct supervisor that he was on medication for bipolar disorder (Doc. #54, p.5).

But, during the time of changes in Plaintiff's behavior, Carl McDow, Plaintiff's supervisor also testified that Plaintiff was not lacking in his work performance or had any issues with tardies (Doc. # 34, Plaintiff Exhibit A -Carl McDow Deposition p.47, 11 18-25).

Plaintiff did not attend the mandatory training on the required day, but emailed his employer that he would be absent from work on April 6 and 7, 2011, due to "Stress, need to unwind". Plaintiff's supervisor denied that request and recommended Plaintiff be terminated because he believed Plaintiff's absences were "a continuation of the previous two incidents of insubordination" (Doc. #54, p.8).

After his termination, the truth about Plaintiff's condition was revealed, and the employer agreed to consider medical information and Plaintiff's FMLA request. Plaintiff provided the medical proof of mental illness, which was not accepted by the employer, the FMLA request denied and the termination was upheld.

The South Carolina Department of Workforce made a determination that Plaintiff was still "job attached" while the employer considered Plaintiff's FMLA request (Doc #34 Plaintiff Exhibit I -Plaintiff Appellate Panel Decision 10/04/11). The South Carolina Department of Workforce also determined that Plaintiff missed work due to having a "nervous breakdown " and

could not attend the training due to "verified medical reasons." (Doc #34 Plaintiff Exhibit J-- Plaintiff Appellate Panel Decision 11/04/11).

## STANDARD OF REVIEW FOR REVIEWING MAGISTRATE'S REPORT AND RECOMMENDATION

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1). In the absence of a specific objection, the Court may review for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir.2005). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3).

## PLAINTIFF'S OBJECTIONS and ARGUMENT

Plaintiff objects to the Magistrate's recommendation that the Defendant's Motion for Summary Judgment be granted as Plaintiff failed to establish (1) a *prima facie* case of failure to accommodate or of discrimination under the ADA and (2) that he was entitled to leave under the FMLA.

With respect to Plaintiff's claim of disability discrimination, the Magistrate determined Plaintiff has not established he was a qualified individual with a disability as "Plaintiff fails to point to a major life activity in which he was substantially limited". Based on the finding that Plaintiff was not disabled, the Magistrate determines "Plaintiff's failure to present sufficient evidence to show that he had a disability....is fatal to all of his ADA claims". And there is no discussion about any other elements of the *prima facie* claim of failure to accommodate.

With respect to FMLA violation, the Magistrate determined that Plaintiff failed to show he was entitled to FMLA leave on April 6, 2011, because the only evidence in the record indicates that Plaintiff began to suffer from the condition on April 7, 2011.

### A.      TRIABLE QUESTIONS OF FACT EXIST FOR A JURY TO DETERMINE THE EXISTENCE OF PLAINTIFF'S ADA CLAIM

Plaintiff objects to the Magistrate's finding that Plaintiff had no evidence to show he had a disability, specifically no evidence to demonstrate he had an impairment that limited one or more of his major life activities.

It is clear that Plaintiff was disabled from working based on the Magistrate's own references to documents in the record. It is clearly established that during the time that the employer scheduled a mandatory training in March 2011, for April, 2011, that Plaintiff was "exhibiting strange behaviors" and had informed his direct supervisor that he was on medication for bipolar disorder (Doc. #54, p.5). Although Plaintiff was performing his job duties while exhibiting strange behavior, his condition clearly had worsened by April 6-7, when he was unable to come in to work. "The determination of whether a person is disabled is an individualized inquiry, particular to the facts of each case." E.E.O.C. v. Sara Lee Corp., 237 F.3d

349, 352 (2nd Cir. 2001). Michaels v. Cont'l Reality Corp., 2011 U.S. Dist. LEXIS 109172, 7-8 (D. Md. 2011).

It would appear that Plaintiff's claim is somehow being considered disqualified because he was at the beginning or early stages of a disability and continued to maintain a "normal" life. Plaintiff was becoming impaired from working in March 2011. Even as the Magistrate acknowledges in the Recommendation, Plaintiff's outbursts and behavior had become so noteworthy that, Plaintiff's supervisor and co worker sent emails about his behavior and stated he needed help. This evidence presented by Plaintiff should be sufficient evidence to demonstrate that Plaintiff had a substantial limitation to the life activity of working and therefore had a disability.

The Magistrate determined that Plaintiff failed to establish a prima facie case of failure to accommodate or of discrimination under the ADA, but only based the determination of a lack of evidence to support a disabling condition. No other elements were discussed or analyzed. Plaintiff has, however, established that he was a person suffering from disability and was terminated for needing an accommodation of days off to recover from a nervous breakdown. This termination was not only a failure to accommodate but an unlawful discharge. When the employer accepted Plaintiff's FMLA paperwork for review, Plaintiff's discharge was not yet final, and his request for days off should have been accommodated as there was an established medical issue supporting his need for absence.

The magistrate cites the lack of evidence to demonstrate Plaintiff was disabled in terms of being impaired from performing a major life activity. In reviewing objections to report and recommendations, the judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3).

Plaintiff submits that evidence does exist to support a finding that Plaintiff is impaired from performing a major life activity.

It is clear from the facts included in Plaintiff's response in opposition to summary judgment, that Plaintiff was substantially limited from working. Working was identified as a major life activity when the EEOC first issued its ADA regulations. 29 C.F.R. 1630.2(i). Almost every court has agreed that working is a major life activity. *See,* Rodriguez v. Conagra Grocery Products Co., 436 F.3d 468 (5th Cir. 2006). To prove a substantial limitation in the major life of working, the EEOC regulations require that a person be "significantly restricted in the ability to perform in a class of jobs or a broad range of jobs in a variety of classes as compared to the average person having comparable training, skills and abilities." When Plaintiff had a nervous breakdown, his activities were noticeably different so much that his coworker and supervisor sent emails about his change in behavior. Plaintiff was unable to attend a mandatory meeting and asked to be absent for a mandatory meeting repeatedly even after knowing that the meeting was mandatory. Plaintiff also requested the day off to install granite countertops at his home on April 6, when the receipt clearly shows the countertops had already been installed April 5. Finally, Plaintiff had a breakdown and emailed his employer in the early morning hours stating that he would be absent from work. When Plaintiff experienced this nervous breakdown, he was clearly restricted from working.

After the ADAAA, concentrating is specifically listed as an example of a major life activity. Section 4(a) of the Amendments Act. *See* Emerson v. Northern States Power Co., 256 F.3d 506 (7th Cir. 2001) (*holding, "we will adopt the district court's approach and treat memory, concentration, and interacting with others as activities that feed into the major life activities of learning and working"*); Pack v. Kmart Corp. 166 F..3d 1300 (10th Cir. 1999)

(*finding, "concentration is not itself a major life activity [but] may be a significant and necessary component of a major life activity, such as working, learning, or speaking, but it is not an 'activity' itself"*); Linder v. Potter (USPS), 2007 WL 626365 (E.D. Wash. Feb. 23, 2007); Battle v. United Parcel Service, 438 F.3d 856 (8th Cir. 2006), (*holding that concentrating is a major life activity under the ADA*). In its Appendix to its regulations, the EEOC identified interacting with others as a major life activity. Appendix to 29 C.F.R. 1630.2(i). However, courts have differed over whether interacting with others is in fact a major life activity under the ADA. *See* McAlindon v. County of San Diego, 192 F.3d 1226 (9th Cir. 1999)("*because interacting with others is an essential, regular function, like walking and breathing, it easily falls within the definition of 'major life activity*). Plaintiff's supervisor emailed a detailed account of Plaintiff's behavior from March 24-25, 2011 and expressed concerned about Plaintiff's need for employee assistance (Doc. #54, p.5). Plaintiff was noted to be rambling and coming into his supervisor's office and was noted to be erratic and having issues interacting with others. Plaintiff's coworker also provided detailed incidents in an email of Plaintiff s disruptive conversations and lack of focus. It is clear, that even while at work, Plaintiff was substantial limited from working, concentrating and interacting with others.

## B.    TRIABLE QUESTIONS OF FACT EXIST FOR A JURY TO DETERMINE THE EXISTENCE OF PLAINTIFF'S FMLA CLAIM

As determined by the South Carolina Department of Employment and Workforce, Plaintiff's termination was not final as of April 7, 2011. Plaintiff was still "job attached" while the employer considered Plaintiff's FMLA request (Doc #34 Plaintiff Exhibit I -Plaintiff Appellate Panel Decision 10/04/11). Therefore, Plaintiff was still employed when he requested FMLA protection as the employer continued to accept and review his FMLA paperwork. Furthermore, at the time the direct supervisor recommended termination, he was aware that Plaintiff was suffering a disabling condition AND he was aware that Plaintiff was acting strange.

As noted in Wright v. Stark Truss Co., 2012 U.S. Dist. LEXIS 103096, 14-17 (D.S.C. 2012), Plaintiff had an episode, and could not come to work and was discharged, despite medical evidence proving his disability. The Wright court also noted :

> While Mr. Bryant may not have known the details of Plaintiff s mental problems at the time Plaintiff was terminated, it is undisputed that Mr. Bryant was aware on the day he terminated Plaintiff that Plaintiff had pulled out a gun and threatened to kill himself in front of his wife nine days earlier. Further, Ms. Wright testified that she told Mr. Bryant in a phone call on June 21, 2009, that Plaintiff was in the hospital, that Plaintiff was sick, and that she did not know when Plaintiff would be released. Mr. Bryant testified that, after he found out that Plaintiff had threatened suicide, he believed that Plaintiff was unstable, could have posed a potential threat to the workplace, and was not capable of performing his job duties because he would have been distracted. Under these circumstances, the Court finds that Defendant was sufficiently aware of Plaintiff s disability for Plaintiff to create a genuine issue of material fact with regard to the fourth prong of Plaintiffs prima facie case for wrongful discharge - i.e., the prong which requires Plaintiff to show that his discharge occurred under circumstances raising a reasonable inference of unlawful discrimination. Thus, Defendant's objection regarding its lack of knowledge of Plaintiff s disability is rejected with regard to Plaintiffs claim under the ADA.

Following this decision for ADA claims, this decision should be persuasive to any claim that the employer did not know of Plaintiff's disability until April 7 or that Plaintiff's condition somehow "didn't count" until there was an official diagnosis. In determining whether or not

Plaintiff was receiving "continuing treatment by a healthcare provider", the Magistrate noted "Plaintiff's healthcare provider indicated that his health condition has a *probable* duration through May 16, 2011." IF the duration of the disability could not be specifically defined, there should be enough information to create an issue of fact as to whether or not Plaintiff was entitled to FMLA leave on April 6 vs. April 7, especially when the direct supervisor had direct evidence of behavior so strange that the supervisor sent a concerned email. And on April 5, 2011, just one day before Plaintiff's nervous breakdown , Cynthia Chacon, an electrical engineer with Defendant, emailed Chris Count, a party who decided to terminate Plaintiff, about her conversation the last week about the fact that Plaintiff had been acting "strange lately"; and she provided detailed incidents of Plaintiff s disruptive conversations, lack of focus. This evidence, along with the supervisor's email stating that Plaintiff needed employee assistance, should create a question of fact (when viewed in the light most favorable to Plaintiff) as to whether or not the onset of Plaintiff's illness was April 7, just because that was the day he was diagnosed. Plaintiff had undisputed examples of "episodes" before April 7, and it is unreasonable to disregard these emails and determine that Plaintiff's illness began on April 7.

Furthermore, as noted in Plaintiff's brief, Plaintiff was not given requisite time to provide proof of disability for April 6. In Brantley v. Nationwide Mut. Ins. Co., 2008 U.S. Dist. LEXIS 56083, 35-36 (D. Md.2008), Brantley claimed that she was fired in violation of three FMLA regulations one being 29 C.F.R. § 825.305(b), which provides that **an employee has at least fifteen days after the first absence from work to provide medical certification**. The court determined , a reasonable jury could have found that Nationwide improperly denied Plaintiff sufficient time to submit a medical certification, in violation of 29 C.F.R. § 825.305(b). In this case, there has been no dispute that Plaintiff was terminated on April 7, and was not given an

opportunity to provide more thorough medical certification. When he was able to see his treating physician, she noted Plaintiff began to suffer from his condition on April 7, 2011, because that was the day she saw him. Based on the other evidence of very different behavior of Plaintiff, along with the April 7, 2011, diagnosis, it would reasonably appear that there is information *that is at least sufficient to create an issue of fact* as to whether Plaintiff was incapacitated on April 6 vs. April 7, the day he saw his provider and got an official diagnosis. To disqualify Plaintiff's claim because he did not go to the doctor soon enough would be an injustice to the other substantial proof that Plaintiff was slowly entering into a nervous breakdown as witnessed by his co workers that finally climaxed on April 6 and 7. Despite his supervisor's knowledge of Plaintiff's history of bipolar disorder, the strange behavior witnessed in March 2011, and the proof after termination was recommended that some mental illness occurred around the same time, Defendants still upheld the termination of Plaintiff, thus denying him FMLA protection without giving him time to get further medical certification or more thorough proof of disability.

## **CONCLUSION**

Plaintiff objects to the Magistrate recommendation that Defendant's Motion for summary judgment be granted as the Magistrate based its decision that Plaintiff failed to establish a prima facie case of ADA violations because Plaintiff failed to point to a major life activity in which he was substantially limited. Plaintiff has provided a number of major activities in which Plaintiff was substantially limited. The Magistrate does not identify any other analysis as to other elements of a prima facie case of ADA that are lacking. Plaintiff also objects to the Magistrate's determination that Plaintiff failed to show he was entitled to FMLA leave on April

6, 2011, because the only evidence in the record indicates that Plaintiff began to suffer from the condition on April 7, 2011. Based on the totality of circumstances, it is clear that Plaintiff had a documented decline in his health that culminated with a diagnosis on April 7, 2011, but was occurring in the previous months. There is reasonable evidence existing to create a question of fact as to whether or not Plaintiff was suffering from his serious health condition before April 7, 2011.

Plaintiff moves this court for an order denying Defendant's motion for summary judgment.

Respectfully submitted,

WUKELA LAW FIRM

BY: s/ Pheobe A. Clark
PHEOBE A. CLARK
FEDERAL ID NO. 9888
ATTORNEY FOR PLAINTIFF
PO BOX 13057
FLORENCE SC 29504
843-669-5634 (T)
843-669-5150 (F)

November 18, 2013
Florence, SC 29505