IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Henry A. Koszarsky, | ) | Civil Action No.: 4:12-cv-00939-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A.O. Smith Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Henry A. Koszarsky ("Plaintiff") filed this action alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Defendant filed a Motion for Summary Judgment on April 3, 2013. ECF No. 33. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rodgers, III.[1] In the R & R, the Magistrate Judge recommends the Court grant Defendant's Motion for Summary Judgment.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

## FACTUAL BACKGROUND

The facts of this case were completely and accurately set forth in the Magistrate Judge's Report and Recommendation, which this Order adopts and incorporates by reference. Moreover, neither party objected to the Magistrate Judge's recitation of the facts in his R & R, and therefore this Court need not repeat the facts herein.

#### DISCUSSION

In his Report and Recommendation filed on October 30, 2013, the Magistrate Judge recommends the Defendant's Motion for Summary Judgment be granted in its entirety.  *See* R & R, ECF No. 54.  Plaintiff filed objections to the R & R on November 18, 2013.  *See* Pl's Objections, ECF No. 55.  Defendant filed a Response to the Objections on December 5, 2013.  *See* Def's Resp. to Pl's Objections, ECF No. 57.  Based on the briefs and information submitted, the Court adopts in part and respectfully rejects in part the Magistrate Judge's Report and Recommendation.  The Court agrees with the Magistrate Judge that summary judgment is appropriate on Plaintiff's ADA claim and FMLA retaliation claim.  The Court, however, respectfully disagrees with the Magistrate Judge regarding the FMLA interference claim, and thus denies summary judgment on that claim.

**1. ADA Claim**

The Court will examine Plaintiff's ADA claim first.  In the R & R, the Magistrate Judge recommended finding that Plaintiff failed to establish he was a qualified individual with a disability under the ADA.  *See* ECF No. 54 at 11–17.  The Magistrate Judge based this recommendation on a determination that Plaintiff failed to sufficiently establish that he was disabled as contemplated by the statute.  ECF No. 54 at 15, 17.

Plaintiff objected, drawing the Court's attention to evidence that several employees of Defendant noted that he had been "exhibiting strange behavior" prior to his termination.  *See* ECF No. 38-1 at 46:10–47:8; ECF No. 38-5.  Plaintiff also cites evidence supporting the fact that he informed his supervisor he had been diagnosed as bipolar years ago and was on medication.  ECF No. 38-3.  Plaintiff argues that he was in the early stages of a disability and that this evidence alone supports the notion that he had substantial limitation to the life activity of working.  ECF No. 55 at 6.

Plaintiff also points to the amendments to the ADA, which added concentrating and interacting with others as major life activities, both of which Plaintiff alleges he is substantially limited in performing. *See* 29 C.F.R. § 1620(i).

Plaintiff asserts the evidence sufficiently establishes a substantial impairment of one of these major life activities, and thus a *prima facie* case exists for failure to accommodate and unlawful discharge. ECF No. 55 at 7. The Magistrate Judge analyzed the facts under the *McDonnell Douglas* burden-shifting framework and found that Plaintiff failed to establish a *prima facie* case of discrimination for failure to accommodate, failure to promote, or unlawful discharge. *See* ECF No. 54 at 11–17. Plaintiff's objections failed to address the Magistrate Judge's finding regarding failure to promote, and thus, finding no clear error, the Court adopts the analysis on that theory as its own.

To establish a prima facie case for failure to accommodate, Plaintiff must show: (1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . .; and (4) that the [employer] refused to make such accommodations." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 (4th Cir. 2001) (quoting *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999)) (internal quotation marks omitted). To establish a prima facie case for unlawful discharge, the Plaintiff must show: (1) he is a qualified individual with a disability; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin North Am.*, 252 F.3d 696, 702 (4th Cir. 2001).

The Court agrees with the Magistrate Judge that Plaintiff has not provided sufficient evidence to establish that he was disabled as defined by the ADA at the time of his discharge, a prerequisite for establishing either failure to accommodate or unlawful discharge. Substantial limitation to a major life activity is a statutory prerequisite for establishing disability. *See E.E.O.C. v. Sara Lee Corp.*, 237 F.3d 349, 352 (4th Cir. 2001) ("The statute is explicit—to be disabled under the ADA, a person must have a substantial limitation on a major life activity."). Although Plaintiff's objections assert that he was impaired in the "major life activities" of working, concentrating, and interacting with others, the evidence cited does not sufficiently establish such impairment. According to the Fourth Circuit, substantial impairment means that the impairment must "significantly restrict" the individual's ability to perform the activity. *Betts v. Rector & Visitors of Univ. Of Va.*, No. 97-1850, 1999 WL 739415, at *6 (4th Cir. Sept. 22, 1999); *see also Forrisi v. Bowen*, 794 F.2d 931, 933–34 (4th Cir. 1986) ("The statutory language . . . emphasizes that the impairment must be a significant one.").

Plaintiff's evidence, at most, merely establishes that he may have had occasional difficulty interacting with coworkers and performing his job duties. One of Plaintiff's coworkers, Carl McDow, testified that Plaintiff walked into his office a couple of times and started rambling conversations, and that on one occasion Plaintiff said he had been feeling stressed. ECF No. 38-1 at 46:10–47:8; ECF No. 38-5. On that occasion, Plaintiff mentioned that he had been diagnosed as bipolar years ago and was on medication. ECF No. 38-5. Plaintiff originally said he wanted to schedule counseling, but later told the coworker that he did not need to make an appointment after all. *Id.* Plaintiff also provided an email sent by another coworker on April 5, 2011 which stated Plaintiff

had been acting "strange lately," was having a hard time focusing, and that he disrupted some work-related conversations. ECF No. 38-5.

Plaintiff, however, has only made conclusory allegations that the "strange behaviors" noted by his coworkers necessarily mean that he was disabled. Plaintiff has failed cite any case law establishing that these sorts of behaviors rise to the level of "substantial impairment." Moreover, Plaintiff's own testimony asserted that he was able to perform his job, follow directions, complete tasks, and go to work. ECF No. 33-7 at 89:19–90:2. Plaintiff further testified in his deposition that he generally is able to focus and concentrate. *Id.* at 40:21–41:9. Plaintiff also acknowledged that although he felt that stress was building, he did not seek medical attention. *Id.* at 110:2–19.

Plaintiff's evidence fails to establish a genuine dispute as to whether he was "significantly restricted" in performing any major life activity. Accordingly, the Court overrules Plaintiff's objection and agrees with the Magistrate Judge's determination that Plaintiff failed to present sufficient evidence to establish disability as contemplated by the ADA.[2] Summary judgment, therefore, is appropriate on Plaintiff's ADA claim.

## 2. FMLA Claim

Plaintiff does not object to the Magistrate Judge's recommended finding that the FMLA retaliation claim was abandoned. As the Magistrate Judge noted, Plaintiff's complaint alleges both interference and retaliation claims. *See* ECF No. 54 at 18. In his response to Defendant's Motion

---

[2] The Court also agrees with the Magistrate Judge's determination that even if Plaintiff had provided sufficient evidence to establish a disability, there is an absence of evidence establishing that the Defendant knew of the disability. Mere "aware[ness] of an employee's impairment, without more, is insufficient to demonstrate either that the employer regarded the employee as disabled or that the perception caused the adverse employment action." *Haulbrook*, 252 F.3d at 703. Plaintiff has established, at most, mere awareness of a possible impairment based on Plaintiff's behavior and statements prior to his termination.

for Summary Judgment, however, Plaintiff addresses only the interference claim. Plaintiff's objections failed to address the Magistrate Judge's proposed finding that the retaliation claim was abandoned. Finding no clear error with this recommendation, the Court adopts the analysis on that theory as its own and grants Defendant's motion for summary judgment as to the FMLA retaliation claim.

Plaintiff, however, did file several objections to the Magistrate Judge's recommendation that summary judgment be granted on the FMLA interference claim. Plaintiff argues that his termination was not final as of April 7, 2011, and that he was still "job attached" while Defendant considered his FMLA request. ECF No. 55 at 8. Plaintiff also asserts that his employer was aware of his condition prior to April 7, and that this was sufficient to show a "serious medical condition." *See* ECF No. 55 at 8–9. Finally, Plaintiff argues that he was given insufficient time to submit proof of disability. *Id.* at 9–10.

The FMLA entitles eligible employees to twelve workweeks of leave during any twelve month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). The FMLA defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 26111(11). A serious health condition involving continuing treatment by a health care provider includes "chronic conditions," which are defined as "[a]ny period of incapacity or treatment for such incapacity due to a chronic serious health condition" that:

> (1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider;

> (2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and
>
> (3) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

29 C.F.R. § 825.115(c). Serious health condition involving continuing treatment also includes:

> A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
>
>> (1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
>>
>> (2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R. § 825.115(a). "[I]ncapacity means inability to work . . . or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." 29 C.F.R. § 825.113(b).

"The FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Gleaton v. Monumental Life Ins. Co.*, 719 F. Supp. 2d 623, 633 n.3 (D.S.C. 2010) (quoting *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001)) (internal quotation marks omitted). To establish a claim for FMLA interference, Plaintiff must show that: 1) he was an eligible employee; 2) his employer was covered by the Act; 3) he was entitled to leave under the FMLA; 4) he gave his employer adequate

notice of his intention to take leave; and 5) the employer denied him FMLA benefits to which he was entitled. *King v. Blanchard Machinery Co.*, No. 3:10–3219–MBS, 2012 WL 4586177, at *5 (D.S.C. Sept. 28, 2012) (citing *Rodriguez v. Smithfield Packing Co.*, 545 F. Supp. 2d 508, 516 (D. Md. 2008)).

The Court will first address Plaintiff's objection asserting that he was not terminated on April 7, 2011 because of the South Carolina Department of Employment and Workforce's finding that he was still "job attached" while the Defendant considered his FMLA request. ECF No. 55 at 8. The information in the SCDEW decision has no precedential value. *See Shelton v. Oscar Mayer Foods Corp.*, 459 S.E.2d 851, 855 (S.C. Ct. App. 1995). The Court finds that the evidence unequivocally establishes that Plaintiff was terminated on April 7, 2011. *See* ECF No. 33-8 at ¶ 19; ECF No. 33-14 at 28:22–30:19. After Plaintiff was terminated, Defendant sent Plaintiff FMLA documentation to better understand the reason for Plaintiff's unauthorized absences. ECF No. 33-8 at ¶¶ 21–22; ECF No. 33-7 at 115:5–116:21. Plaintiff presented no evidence indicating Defendant ever represented that Plaintiff was still employed pending review of the FMLA documents. The Court finds that termination occurred on April 7, 2011.

Plaintiff's next objection attacks the Magistrate Judge's determination that the evidence fails to establish that Plaintiff was entitled to leave under the FMLA on April 6, 2011. In the R & R, the Magistrate Judge stated that "the only evidence in the record regarding a serious medical condition indicates that Plaintiff began to suffer from such a condition on April 7, 2011." ECF No. 54 at 21. As the Magistrate Judge explained, Plaintiff's FMLA paperwork specifically stated that his health condition commenced on April 7, 2011. ECF No. 33-17 at 2. Accordingly, the Magistrate Judge found that this did not sufficiently explain Plaintiff's unexcused absence on April 6, 2011, meaning

he failed to show that he was suffering from a serious health condition that would entitle him to FMLA leave at the time he requested it.   ECF No. 54 at 20.

In his objections, Plaintiff notes that the FMLA form was not the only evidence indicating that Plaintiff was suffering from a serious health condition.  Plaintiff notes that several employees of Defendant stated that he had been exhibiting "strange behavior" prior to his absence on April 6, 2011.  ECF No. 55 at 4.   Moreover, Plaintiff notes that his direct supervisor, one of the parties involved in his termination, received an email on April 5, 2011 from a coworker of Plaintiff who stated he had been acting strange recently and had been disruptive and unfocused.  *Id.* at 9.   Plaintiff, therefore, asserts that there is sufficient evidence to establish that he was suffering from a serious medical condition prior to April 7, 2011.

The Court agrees that Plaintiff has provided sufficient evidence to create a genuine issue of material fact as to whether Defendant interfered with his rights under the FMLA.   Neither party has disputed that Plaintiff was an eligible employee, that Defendant was covered under the act, or that Plaintiff was denied FMLA benefits.  Accordingly, the only disputed elements of the interference claim are whether Plaintiff was entitled to FMLA leave and whether he gave adequate notice of his intent to take FMLA leave.

Plaintiff has provided sufficient evidence to create a genuine issue of fact as to whether he was entitled to FMLA leave.   Defendant is correct in noting that the FMLA form provided to Defendant stated Plaintiff's health condition commenced on April 7, 2011.   *See* ECF No. 33-17.   Plaintiff, however, also produced a medical certification form signed by his healthcare provider, which was provided to Defendant and stated that his condition began on the morning of April 6, 2011.   *See* ECF No. 38-8.   This form stated that Plaintiff's condition qualified as a "serious health condition" under

the FMLA as defined by 29 C.F.R. § 825.115(a), detailed above. *Id.* Moreover, the form indicates that Plaintiff was "unable to work at this time." *Id.* Plaintiff also provided the emails of his coworkers detailing his behavior leading up to April 6, 2011. The Court finds that Plaintiff has set forth sufficient evidence to establish a genuine issue of fact as to whether he was suffering from a serious health condition which would entitle him to FMLA leave at the time he purportedly requested it.

The Court also finds that Plaintiff has sufficiently established a genuine issue of fact as to whether he provided adequate notice of his intent to take leave, although the Court notes that this is a very close call. Plaintiff initially requested April 6 and 7, 2011 as vacation days at the end of March 2011. ECF No. 33-2 at 4; ECF No. 33-14 at 61:5–19; ECF No. 37 at 3. This request was denied and Plaintiff was reminded that a mandatory training session was previously scheduled for those dates. ECF No. 33-2 at 4; ECF No. 33-14 at 61:5–19. Plaintiff asked for these days off again on April 5, 2011 and his request was denied. ECF No. 33-2 at 4; ECF No. 33-14 at 61:5–19; ECF No. 37 at 3. At 4:23 a.m. on April 6, 2011, Plaintiff sent a request for "Additional Vacation Days" on April 6 and 7, 2011. ECF No. 33-15. Plaintiff's supervisor emailed him back denying the request and demanding an explanation for his absence. *Id.* In response, Plaintiff stated "stress, need to unwind." *Id.*

Taken in a vacuum, this would appear to simply be an attempt by Plaintiff to get around Defendant's denials of his prior requests for vacation rather than notice of intent to take FMLA leave. The record, however, is sufficient to create a triable issue of fact on this point. First, Plaintiff told his supervisor a few weeks prior to his April 6 email that he was feeling stressed and wanted counseling. ECF No. 38-3. He also noted that he was previously diagnosed as bipolar and was on anti-depressant

medication. *Id.* The supervisor emailed human resources and noted that he was "concerned about [Plaintiff] as an employee and a person." *Id.* Plaintiff also provided an email from a coworker sent on April 5, 2011, the day before he requested leave which noted he had been "acting strange lately" and that the behavior had "increasingly gotten worse." ECF No. 38-5. As detailed above, when Plaintiff made his final request for April 6 and 7th off, he noted it was for "stress" and a "need to unwind." ECF No. 33-15. When Defendant called Plaintiff on April 7, 2011 to request he come into the office to discuss his unexcused absences and employment status and Plaintiff indicated that he would not come in, he was terminated. ECF No. 33-8 at ¶ 19. Plaintiff's wife, however, immediately got on the phone and explained he had an anxiety attack on April 6, 2011. *Id.*

The Court finds that although Plaintiff has not presented strong evidence regarding adequate notice, the record is sufficient to establish a genuine issue of material fact on this issue. As the FMLA regulations explain, "[t]he employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed." 29 C.F.R. § 825.303(b). The Court finds the analysis in *Murphy v. FedEx Nat. LTL, Inc.*, a case from the Eighth Circuit, to be persuasive. 618 F.3d 893 (8th Cir. 2010). As the *Murphy* court explained, adequacy of notice is typically a jury question. *Id.* at 903. That court noted that its previous cases had found that simply notifying an employer of a diagnosis of "depression" would not necessarily be sufficient, but that where the employer "knew [the employee] suffered from depression, knew she needed leave in the past from depression and knew . . . she was suffering from 'depression again' it would be sufficient." *Id.* (quoting *Spangler v. Fed. Home Loan Bank of Des Moines*, 278 F.3d 847, 853 (8th Cir. 2002)) (internal quotation marks omitted). In *Murphy*, the plaintiff had requested FMLA leave to care for her husband which expired and later requested leave "to take care of things." *Id.* at 903-04. The

court found that "to take care of things" would not be sufficient notice in isolation, but noted that the employer was aware that "(1) [Plaintiff]'s husband, who had worked with her for many years, died unexpectedly; (2) that [Plaintiff] was noticeably distraught; and (3) that [Plaintiff] was unable to work the night shift because it reminded her too much of her husband." *Id.*  Accordingly, it found that "[a] jury could consider the effect that [Plaintiff]'s mental state, and [Defendant]'s awareness of that state, had on the objective sufficiency of [Plaintiff]'s notice." *Id.* at 904.

This Court has also found that specific notice of intent to take FMLA leave is not required where the employer was aware of the employee's condition.  In *Wright v. Stark Truss Co.*, this Court rejected the defendant's argument that it lacked knowledge of the plaintiff's FMLA-qualifying leave. No. 2:10–cv–2427–RMG, 2012 WL 3039092, at *6 (D.S.C. July 24, 2012).  In that case the defendant was aware that plaintiff had pulled a gun and threatened to kill himself, that plaintiff was in the hospital, that he was sick, and that he would be out of work for some time. *Id.*  Accordingly, the Court found that sufficient notice was provided when the plaintiff's wife informed his employer of this information. *Id.* at *7.

The Court finds that there is a genuine issue of fact as to whether Plaintiff's employer had sufficient notice regarding Plaintiff's intent to take FMLA leave.  Taking the circumstances as a whole, Defendant was aware that Plaintiff was having mental health issues in the time leading up to his request.  Plaintiff's bizarre behavior leading up to April 6, 2011 and his request for leave due to "stress" and a "need to unwind" on April 6, 2011, coupled with his wife notifying Defendant of Plaintiff's anxiety attack immediately following his termination and the FMLA and medical certification forms he submitted, taken as a whole, are sufficient to create a genuine issue of fact regarding the notice element.  Accordingly, the Court finds that summary judgment is inappropriate

14

as to Plaintiff's FMLA interference claim and respectfully rejects the portion of the R & R which recommends granting summary judgment on this claim.

Plaintiff's final objection asserts that he was not given the requisite time to provide proof of disability for the absence on April 6, 2011. In light of the Court's determination that the FMLA interference claim should be allowed to proceed, this objection is moot.

Accordingly, the Court adopts the Magistrate Judge's recommendation as to the FMLA retaliation claim and respectfully rejects Magistrate Judge's recommendation as to the FMLA interference claim. The Court, therefore, grants Defendant's motion for summary judgment as to the FMLA retaliation claim but denies the motion for summary judgment as to the FMLA interference claim.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendant's Motion for Summary Judgment, Plaintiff's Response in Opposition to Motion for Summary Judgment, the R & R, Plaintiff's objections to the R & R, Defendant's response to the objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby adopts in part and respectfully rejects in part the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. Summary Judgment is **GRANTED** as to Plaintiff's ADA claim and FMLA retaliation claim. Summary Judgment is **DENIED** as to Plaintiff's FMLA interference claim. In the event the parties have not mediated this case, they should do so. Also, as the Court is considering setting the case for trial in March, 2014, counsel

should consult each other and submit a proposed consent amended scheduling order within five (5) days of the date of this Order.

    **IT IS SO ORDERED.**

                                                                           s/ R. Bryan Harwell
                                                      R. Bryan Harwell
                                                      United States District Judge

Florence, South Carolina
January 9, 2014